UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEVIN KUGLER,<br>   Plaintiff, | )<br>)<br>)<br>) | |
| vs. | )<br>) | No. 20-4030 |
| GREGG SCOTT, et al.,<br>   Defendants | )<br>)<br>) | |

CASE MANAGEMENT ORDER

The *pro se* Plaintiff is detained in the Rushville Treatment and Detention Center and he has filed a complaint pursuant to 42 U.S.C. §1983. Plaintiff's filing is somewhat confused since he has labeled the document an "Amended Complaint, Part #2." (Comp., p. 1). Plaintiff has also included a partial 2019 case number, but his claims do not appear to be related to any of his other, pending cases. *See Kugler v Scott*, 19-4168; *Kugler v. Scott*, Case No. 4014; *Kugler v. Scott*, Case No. 20-4061. Plaintiff has further filed a motion for leave to proceed *in forma pauperis* (IFP) with his complaint. [3]. Finally, when Plaintiff was notified his complaint was filed as a new case, he did take any action. Therefore, the Court will consider this a new lawsuit.

A court must dismiss cases proceeding IFP "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed IFP only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges his constitutional rights were violated at the Rushville Treatment and Detention Center by Facility Director Gregg Scott; Security Director James McCurry; Clinical Director Shan Jumper; Assistant Clinical Director Sharlene Caraway; Internal Affairs Investigator Seymore; Director J. Reid; Team Leader G. Carreon; Blue Team Leader Paula Lodge; Dr. Simmons; Clinical Therapists H. Hyme, Orwitz, Stacey Billingsley, and Sisto; Security Therapy Aides (STA) W. Pennock, C. Parsons, Rodney Wood, Javier Perez, A. Kindhardt, S. Driscol, Michael Teel, Cameron Campbell, and Flaherty, and an unspecified John Doe Defendant.

Plaintiff says on August 2, 2019, he was speaking with another inmate about an incident which occurred the day before involving an assault on a therapist. Defendant STA Wood "became aggressive" by swearing and yelling at Plaintiff to lock up. (Comp., p. 19). When Plaintiff asked why, the Defendant told Plaintiff his conversation could be considered a threat.

Plaintiff then provides specific details of Defendant Wood's repeated orders for Plaintiff to lock up. Defendant Woods also called several other STA's to the area who also ordered Plaintiff to lock up. Plaintiff continued to say he had a right to freedom of speech, he was sorry if he threatened anyone, we wanted to be left alone, and he needed

a therapist. Nonetheless, Plaintiff admits he repeatedly refused to lock up and continued to issue demands for treatment.

Plaintiff had his hands in the air when the STA's ultimately took him to the ground. Since Plaintiff is a civil detainee, any claims of excessive force arise under the Fourteenth Amendment's guarantee of due process. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015); *Smego v. Jumper*, 707 Fed.Appx. 411, 412 (7th Cir. 2017). Therefore, Plaintiff "must show only that the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). However, Plaintiff's own account demonstrates he intentionally refused several direct orders to lock up.

> Detainees cannot be allowed to disobey orders based on their personal understanding of constitutional law, and, when detainees refuse to disobey orders, jail officials have limited options at their disposal to maintain discipline and security. As such, when (plainitiff) refused to return to his cell, the defendants were entitled to use a reasonable amount of force to move (plaintiff). *Huff v. Tabler*, 2019 WL 3499494, at *3 (N.D.Ind. July 31, 2019); *see also Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984).

The Defendants were entitled to use some force to gain Plaintiff's compliance. However, the Court must accept Plaintiff's allegations as true that the force which was ultimately used was unreasonable. Therefore, Plaintiff has alleged Defendants Parsons, Teel, Kindhart, Perez, Parsons, and Kerr violated Plaintiff's Fourteenth Amendment rights when they hit Plaintiff in the head with handcuffs, slammed him to the ground, choked him, and stomped on his head, hands, and feet. (Comp., p. 25-26). Plaintiff also claims Defendant Kindhart forced Plaintiff's head into the officer's genitals during this assault. (Comp., p. 31-32).

Plaintiff next claims Defendants Lodge, Hymes, Simmons, Billingsley, Sisto, and Orwitz "all had me on continued lock down for two weeks." (Comp, p. 27). In addition, Plaintiff lists several other Defendants who made him wear a yellow jumpsuit for two months which Plaintiff claims was "humiliating and psychologically damaging." (Comp., p. 27). Again, Plaintiff admits he repeatedly refused several orders to lock up before he was placed on lock down and forced to wear a yellow jumpsuit. Plaintiff provides no other specific information about each Defendant's involvement, nor his claims. Based on the allegations in the complaint, Plaintiff has failed to articulate a violation of his constitutional rights.

Plaintiff then makes vague reference to Defendants Campbell, Driscoll, and Flaherty moving him to a mental health observation cell. Plaintiff does not explain when this occurred, nor why he believes it was a violation of his constitutional rights. Plaintiff then alleges Defendant Campbell refused his request for toilet paper and Plaintiff was forced to defecate on himself. Plaintiff does not state when this happened or how long he was denied toilet paper.

Plaintiff alleges Defendant Driscoll lied about another incident on an unspecified day which lead to a longer period on lock down. Plaintiff also alleges Defendant Kindhardt lied about a different incident which further extended his stay on lock down. Again, Plaintiff does not provide a time frame for his allegation.

Finally, Plaintiff says all Defendants "were retaliating against me for seeking legal remedy" for the issues he has addressed "in this civil action." (Comp., p. 31).

There are several problems with these allegations. First, Plaintiff cannot combine unrelated claims against different Defendants in one lawsuit. *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). Plaintiff's claims of excessive force cannot be combined in the same lawsuit with his claim that other Defendants placed him in an observation cell and denied him toilet paper or lied about disciplinary claims.

Second, Plaintiff appears to try and tie some of his claims together with a vague claim of retaliation. However, it is not readily apparent the alleged acts of retaliation are related. *See Burch v. Polley*, 2018 WL 3371042 (C.D.Ill. July 10, 2018)(" Plaintiff may not combine unrelated claims and correctional officers with vague allegations of an overall conspiracy or retaliation or harassment."); *Dupree v. Mahone*, 2011 WL 995822 at 2 (N.D.Ill. March 21, 2011) "(Although each claim alleges that each defendant's retaliatory motive derives from plaintiff s litigation against IDOC, they all address separate instances by separate defendants, and appear to allege separate wrongdoings").

Third, to proceed on a First Amendment claim, Plaintiff must first allege he was engaged in a protected activity before the Defendants took any action. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). Plaintiff claims Defendants retaliated because of the issues he addressed in his complaint which was filed after the alleged incidents. Furthermore, Plaintiff's threats that he planned to file a lawsuit are not protected activity. *See Cobian v. McLaughlin*, 717 Fed.Appx. 605, 612–13 (7th Cir. 2017).

Finally, Plaintiff's retaliation allegations do not provide a general time frame or enough facts to put a potential Defendant on notice of the claim.

Plaintiff's complaint also includes a section entitled "Legal Claims" which includes reference to the American's with Disabilities Act (ADA) and what appears to be a failure to protect claim against Facility Director Gregg Scott. (Comp., p. 15-18). Plaintiff has not provided an adequate factual basis for an ADA claim. In addition, Plaintiff has not alleged Defendant Scott was directly involved in the alleged assault. *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016)(plaintiff must "show that the defendants were personally responsible for the deprivation of their rights.").

Therefore, Plaintiff may proceed on his excessive force claim, but all other claims and Defendants are dismissed for the reasons stated.

IT IS THEREFORE ORDERED:

1.   Plaintiff's petition to proceed *in forma pauperis* is granted.[3]. Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendants Parsons, Teel, Kindhart, Perez, and Kerr violated Plaintiff's Fourteenth Amendment rights on August 2, 2019 when they used excessive force against him. Specifically, the Defendants hit Plaintiff in the head with handcuffs; slammed him to the ground; choked him; stomped on his head, hands, and feet; and Defendant Kindhart forced Plaintiff's head into the officer's genitals. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion

on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3.   The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4.   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.   Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should

include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**11.** The Clerk is directed to attempt service on Defendants Parsons, Teel, Kindhart, Perez, and Kerr pursuant to the standard procedures.

**12.** The Clerk is directed to dismiss all remaining Defendants for failure to state a claim upon which relief can be granted and a violation of Federal Rules 8, 18, and 20.

Entered this 9th day of June, 2020.

                                  s/ James E. Shadid
                  _____
                              JAMES E. SHADID
                       UNITED STATES DISTRICT JUDGE